# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF ALASKA

ANNE PATRICIA MULLIGAN,

                Plaintiff,

vs.

AWAIC SHELTER, *et al.*,

                Defendants.

Case No. 3:19-cv-00114-RRB

## ORDER OF DISMISSAL

Anne Patricia Mulligan, representing herself, has filed a Civil Rights Complaint under 42 U.S.C. § 1983 and an Application to Waive the Filing Fee.[1] Ms. Mulligan has also filed a Motion to "File/Open a New Case," summarizing the claims she sets forth in her Complaint.[2] This motion is unnecessary.

The claim in this case is identical to the claim in *Anne Patricia Mulligan v. AWAIC Shelter, et al.*, 3:19-cv-00113-RRB. The earlier case has been dismissed. This identical case must, therefore, be dismissed as well.

<u>Screening Requirements</u>

Federal law requires a court to conduct an initial screening of a complaint brought by a self-represented plaintiff who has not paid the filing fee. In this

---

[1] Dockets 1, 3, 5.

[2] Docket 4.

screening, a court shall dismiss the case at any time if the court determines that the action

> (i) is frivolous or malicious;
>
> (ii) fails to state a claim on which relief may be granted; or
>
> (iii) seeks monetary relief against a defendant who is immune from such relief.[3]

To determine whether a complaint states a valid claim for relief, a court considers if it contains sufficient factual matter that if accepted as true "state[s] a claim to relief that is plausible on its face."[4] In conducting its review, the court is mindful that it must liberally construe a self-represented plaintiff's pleading and give the plaintiff the benefit of any doubt.[5] Before a court may dismiss any portion of a complaint for failure to state a claim upon which relief may be granted, the court must provide the plaintiff with a statement of the deficiencies in the complaint and an opportunity to amend or otherwise address the problems, unless to do so would be futile.[6] For the reasons explained in the Order of Dismissal in 3:19-cv-00113-RRB, amendment would be futile.

---

[3] 28 U.S.C. § 1915(e)(2)(B).

[4] *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citation omitted).

[5] *See Hebbe v. Pliler*, 627 F.3d 338, 342 (9th Cir. 2010) (citation omitted).

[6] *Garmon v. County of Los Angeles,* 828 F.3d 837, 842 (9th Cir. 2016).

3:19-cv-00114-RRB, *Mulligan v. AWAIC, et al.*
Order of Dismissal
Page 2 of 3
Case 3:19-cv-00114-RRB   Document 8   Filed 06/17/19   Page 2 of 3

**IT IS THEREFORE ORDERED**:

1. This case is DISMISSED for failure to state a claim for relief under 28 U.S.C. § 1915(e)(2)(B)(ii).

2. All outstanding motions are DENIED.

3. The Clerk of Court is directed to enter a judgment accordingly.

DATED at Anchorage, Alaska, this 17th day of June, 2019.

*/s/ Ralph R. Beistline*
RALPH R. BEISTLINE
Senior United States District Judge

3:19-cv-00114-RRB, *Mulligan v. AWAIC, et al.*
Order of Dismissal
Page 3 of 3
Case 3:19-cv-00114-RRB   Document 8   Filed 06/17/19   Page 3 of 3